UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| NEW MEXICO UNITED FOOD AND COMMERCIAL WORKERS UNION'S AND EMPLOYERS' HEALTH AND WELFARE TRUST FUND, on behalf of itself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>PURDUE PHARMA L.P., et al.,<br><br>Defendants. | Civil Action No. 07-cv-6916-JGK |

## THE INDIVIDUAL DEFENDANTS' MEMORANDUM IN SUPPORT OF THEIR MOTION FOR JUDGMENT ON THE PLEADINGS

Defendants Michael Friedman, Howard Udell, and Paul Goldenheim respectfully submit this Memorandum in support of their Motion for Judgment on the Pleadings pursuant to Fed. R. Civ. P. 12(c).

### INTRODUCTION

In addition to the corporate defendants identified in its Complaint, New Mexico United Food and Commercial Workers Union's and Employers' Health and Welfare Trust Fund ("Plaintiff") sued three individuals - Michael Friedman, Howard Udell, and Paul Goldenheim ("the Individual Defendants"). Plaintiff, however, has not alleged any specific facts that provide a basis for bringing a cause of action against any of them.

Instead, Plaintiff simply lumps the Individual Defendants together with the corporate and "Doe" Defendants and, in effect, avers that everyone did everything at all times. Indeed, Plaintiff makes no attempt to differentiate the acts of any one Individual Defendant from the others or from those attributed to the corporate or Doe Defendants. The Complaint is devoid of any allegations of specific wrongdoing on the part of the Individual Defendants. This is for good

reason. As the documents comprising the Plea Agreements (which Plaintiff expressly incorporated by reference into its Complaint (Compl. ¶ 49)) make clear, the Individual Defendants' liability for the conduct giving rise to the pleas is *entirely vicarious* and based upon the actions of other Purdue employees. It is the most sweeping form of "strict liability," which requires neither proof of intent nor actual knowledge on the part of the corporate officer to establish guilt. *See* 21 U.S.C. § 333(a)(1); *United States v. Park*, 421 U.S. 658, 671 (1975) (holding that without regard to "consciousness of wrongdoing," a corporate officer could be criminally liable for misdemeanor misbranding under the FDCA if the officer had the power to prevent the criminal act). Accordingly, merely serving as the "responsible corporate officer" at the time of the alleged misconduct can be sufficient by itself to establish criminal liability.

In the plea agreements and information, none of the Individual Defendants was even *alleged* to have known about, let alone participated in, the misbranding that formed the basis for the Plea Agreements. (*See* Agreed Statement of Facts ¶ 45 (expressly denying personal knowledge of acts of misbranding) (attached as Exhibit A).) Their sole "offense" was being "responsible corporate officers" at the company during the time in which the alleged misbranding occurred. Plaintiff here has offered no allegations or proof to the contrary. In fact, by expressly incorporating the Plea Agreements into their Complaint, Plaintiff has essentially conceded that the Individual Defendants had no knowledge of and/or involvement in the misbranding. (*See id.*) Accordingly, Plaintiff's Complaint is inadequate as a matter of law to state a civil claim for damages against the Individual Defendants.

As discussed in Purdue Defendants' Motion for Judgment on the Pleadings and supporting Memorandum of Law (which is expressly incorporated here by reference), Plaintiff's claims against the Individual Defendants fail for the same reasons they fail against the Purdue

Defendants. For these reasons, the Individual Defendants respectfully request that the Court dismiss with prejudice all of the claims against them.

## ARGUMENT

First, Plaintiff's claims should be dismissed because the Fund fails to state a claim upon which relief can be granted against *all the defendants*. As such, the Individual Defendants incorporate by reference each of the arguments in the Purdue Defendants' Memorandum in Support of Their Motion for Judgment on the Pleadings as if set forth herein.

Second, Plaintiff's claims against the Individual Defendants fail for the additional reason that Plaintiff has failed to plead with the required particularity how each one of them was personally involved in the misconduct alleged in the Complaint.

As a threshold matter, in consumer fraud and RICO cases involving multiple defendants like this one,

> . . . Rule 9(b) mandates that the complaint inform each defendant of his alleged role in the deception. Broad allegations that several defendants participated in a scheme, or conclusory assertions that one defendant controlled another, or that some defendants are guilty because of their association with others, do not inform each defendant of its role in the fraud and do not satisfy Rule 9(b).

*Randolf Equities, LLC v. Carbon Capital, Inc.*, No. Civ. 10889, 2007 WL 914234, at *8 (S.D. N.Y. Mar. 26, 2007); *see also Defazio v. Wallis*, No. 05CV5712, 2006 WL 4005577, at *3-4 (W.D.N.Y. Jan. 26, 2007) (dismissing RICO claim where, as here, [m]ost of the paragraphs in the proposed pleading contain conclusory allegations of wrongdoing, generally lumping 'the defendants' together as a group and reiterating the elements of a racketeering cause of action."); *Apace Communications, LTD. v. Burke*, No. 07-CV-6151L, 2007 WL 4125232, at *6 (W.D.N.Y. Nov. 16, 2007) ("Rule 9(b) does not allow a complaint to merely lump multiple defendants together but 'require[s] plaintiffs to differentiate their allegations when suing more than one

3

defendant ... and inform each defendant separately of the allegations surrounding his alleged participation in the fraud.'") (collecting cases and quoting *Swartz v. KPMG LLP*, 476 F.3d 756, 764 (9th Cir.2007)).

The heightened scrutiny attendant to RICO claims is even more acute when the claim is aimed at an individual because the mere pendency of a baseless RICO claim can "unfairly sully [an individual] defendant's reputation." *Gerstenfeld v. Nitsberg*, 190 F.R.D. 127, 133 (S.D.N.Y. 1999). Indeed, "[t]he consequences to *anyone* of being accused of *racketeering* are dire. As this court has long recognized, 'the *mere assertion* of a RICO claim . . . has an *almost inevitable stigmatizing effect on those named as defendants*.'" *Carousel Foods of Am., Inc. v. Abrams & Co., Inc.*, 423 F. Supp. 2d 119, 123 (S.D.N.Y. 2006) (quoting *Katzman v. Victoria's Secret Catalogue*, 167 F.R.D. 649, 655 (S.D.N.Y. 1996), *aff'd*, 113 F.3d 1229 (2d Cir. 1997)) (emphases added). Further, the "possibility of treble damages" makes a RICO claim "an 'unusually potent weapon'" – "the litigation equivalent of a thermonuclear device" – that, if not closely examined at the pleadings stage, can create intense pressure to settle regardless of its merit. *Cedar Swamp Holdings, Inc. v. Zaman*, 487 F. Supp. 2d 444, 449 (S.D.N.Y. May 17, 2007) (quoting *Katzman*, 167 F.R.D. at 655). For all of these reasons, it is well-established in this Circuit that "'courts should strive to flush out frivolous RICO allegations at an early stage in the litigation.'" *At The Airport v. ISATA, LLC*, 438 F. Supp. 2d 55, 61 (E.D.N.Y. 2006).

Moreover, as many Courts have now recognized, "even with respect to claims other than fraud, the Supreme Court has recently stiffened the pleading standards under the Federal Rules." *Apace Communications, LTD.*, 2007 WL 4125232, at *4 (citing *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007)). After *Twombly*, "a complaint must allege facts that are not merely consistent with the conclusion that the defendant violated the law, but which actively and

4

plausibly suggest that conclusion." *Port Dock & Stone Corp. v. Oldcastle Northeast, Inc.*, --F.3d --2007 WL 3071637, at *2 (2d Cir. 2007); *see also* 5 Wright & Miller, FEDERAL PRACTICE AND PROCEDURE: CIVIL 3D § 1248, at 443-44 (2002) ("[I]n order to state a claim for relief, actions brought against multiple defendants must clearly specify the claims with which each individual defendant is charged. In particular, the requirements of Rule 10(b) that all ***separate averments or claims founded on separate transactions or occurrences are to be set out in separately numbered paragraphs, must be strictly complied with***, or the pleadings will be found defective.") (emphasis added). Thus, even for claims that are not subject to Rule 9(b), Plaintiff must come forward with a *factual* predicate actively and plausibly showing how each of the Individual Defendants is personally liable for the alleged misconduct.

With respect to an individual defendant, a plaintiff may not solely rely on the individual's supervisory position, but must plead facts establishing that the individual was sufficiently involved in the alleged misconduct to give rise to personal liability. *See, e.g., Stinson v. Berry*, 943 P.2d 129, 133 (N.M. App. 1997) ("Corporate directors cannot be held vicariously liable for the corporation's torts merely by virtue of the office they hold. However, if an officer or director directs or actively participates in the commission of the tortious act of the corporation, he will be liable, along with the corporation."); *Bernstein v. Starrett City, Inc.*, 758 N.Y.S.2d 658, 659 (N.Y. App. Div. 2003) ("It is well settled that a corporate officer may not be held liable for the negligence of the corporation merely because of his or her official relationship to it.") (citations omitted); *Connell v. Hayden*, 443 N.Y.S.2d 383, 402 (N.Y. App. Div. 1981) (same); *see also Cohen v. Koenig*, 25 F.3d 1168, 1173 (2d Cir. 1994) (noting that "[o]fficers and directors of a corporation may be held liable for fraud if they participate in it or have actual knowledge of it . . ." and reversing dismissal of corporate officers when plaintiff alleged that the officers themselves

made misrepresentations) (alterations in original) (citation omitted); *Zito v. Leasecomm Corp.*, No. 02 Civ.8074, 2003 WL 22251352, at *5-17 (S.D.N.Y., Sept. 30, 2003) (noting that civil RICO plaintiffs "persist in presenting confusing pleadings that make it extremely difficult to identify which defendants are charged with committing predicate acts, or how the alleged pattern of racketeering is related to the enterprise;" requiring the plaintiff to "charge each named defendant with engaging in specific racketeering acts, constituting a pattern with the meaning of the statute, committed by that defendants in the course of conducting the affairs of the enterprise;" and dismissing complaint against corporate officers for plaintiff's failure to plead a specific RICO claim against the individual defendants).

Other than treating the Individual Defendants as indistinguishable from the corporate and Doe Defendants, Plaintiff relies solely on the fact that each of the Individual Defendants pleaded guilty to a misdemeanor offense of misbranding as the basis for holding them individually liable here.[1] The misdemeanor pleas, however, do not represent any actual wrongdoing by any of the Individual Defendants. Rather, the pleas represent the vicarious liability of the Individual Defendants, as responsible corporate officers under 21 U.S.C. § 333(a)(1), for the wrongdoing of Purdue Frederick Company. In this form of strict liability for corporate officers, the statute requires neither wrongdoing nor knowledge of wrongdoing for liability to attach. *See* 21 U.S.C. § 333(a)(1). As the United States Supreme Court made clear in *United States v. Park*, 421 U.S. 658 (1975), criminal liability may attach to a corporate officer for the misbranding of a drug by the corporation whether or not the individual officer knew of the misbranding or intended it to

---

[1] According to paragraph 63 of the Complaint, in 2002, Dr. Goldenheim is alleged to have testified before Congress concerning some of Purdue's then-current efforts to address reports of abuse and diversion of OxyContin. (Compl. ¶ 63.) Although it is far from clear why this allegation is even in the Complaint, it does nothing to establish a basis for holding Dr. Goldenheim personally liable. Indeed, it has nothing to do with whether either he or the other Individual Defendants were aware of or involved in the misconduct at issue in the case.

occur. "The Act does not, as we observed in *Dotterweich*, make criminal liability turn on 'awareness of some wrongdoing' or 'conscious fraud.'" *Id.* at 672-73. *See also United States v. Dotterweich*, 320 U.S. 277, 280-81 (1943) (noting that misbranding may subject individual to misdemeanor liability and a fine without "awareness of some wrongdoing."). Moreover, as the Purdue Plea Agreements themselves make clear, none of the Individual Defendants were even *alleged* to have known about, let alone participated in, the misbranding that formed the basis for the pleas. (*See* Agreed Statement of Facts ¶ 45.) In short, the mere fact that the Individual Defendants pleaded guilty to misdemeanor misbranding is inadequate as a matter of law to satisfy the pleading requirements of Rule 8, much less the heightened particularity requirements applicable in the Second Circuit to RICO claims under Rule 9(b).

Other than establishing that the Individual Defendants were the "responsible corporate" officers at the time certain employees of Purdue committed acts of misbranding, Plaintiffs offer no detail at all about how, when, or where the Individual Defendants allegedly participated in the alleged misconduct outlined in the Complaint. Moreover, as illustrated by the cases above, Plaintiff's practice of lumping the Individual Defendants together with the other defendants who allegedly "conspired" to promote OxyContin for off-label uses (*e.g.*, Compl. ¶¶ 87-88), does nothing to cure this fatal lack of particularity. Accordingly, the claims against the Individual Defendants should be dismissed.

## CONCLUSION

For the foregoing reasons, the Court should dismiss Plaintiff's Complaint with prejudice.

<u>s/Donald I Strauber</u>

Donald I Strauber
Mary T. Yelenick
Phoebe A. Wilkinson
Gretchen N. Werwaiss
Chadbourne & Parke LLP

7

30 Rockefeller Plaza
New York, NY 10112
Telephone: (212) 408-5100
Facsimile: (212) 541-5369
dstrauber@chadbourne.com

*COUNSEL FOR*
*THE INDIVIDUAL DEFENDANTS*


Chilton D. Varner
Stephen B. Devereaux
King & Spalding LLP
1180 Peachtree Street, NE
Atlanta, GA 30309
Telephone: (404) 572-4600
Facsimile: (404) 572-5100

Patrick S. Davies
Joshua D. Greenberg
Covington & Burling LLP
1201 Pennsylvania Avenue, NW
Washington, DC 20004-2401
Tel: 202.662.6000
Fax: 202.662.6291

*OF COUNSEL FOR*
*THE INDIVIDUAL DEFENDANTS*