UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| NEW MEXICO UNITED FOOD AND COMMERCIAL WORKERS UNION'S AND EMPLOYERS' HEALTH AND WELFARE TRUST FUND, on behalf of itself and all others similarly situated,<br><br>    Plaintiff,<br><br>v.<br><br>PURDUE PHARMA L.P., et al.,<br><br>    Defendants. | **Civil Action No. 07-cv-6916-JGK** |

## THE PURDUE DEFENDANTS' NOTICE OF SUPPLEMENTAL AUTHORITY IN SUPPORT OF THEIR MOTION FOR JUDGMENT ON THE PLEADINGS

Donald I Strauber
Mary T. Yelenick
Phoebe A. Wilkinson
Gretchen N. Werwaiss
Chadbourne & Parke LLP
30 Rockefeller Plaza
New York, NY 10112
Telephone: (212) 408-5100
Facsimile: (212) 541-5369

*COUNSEL FOR*
*THE PURDUE DEFENDANTS*

Chilton D. Varner
Stephen B. Devereaux
King & Spalding LLP
1180 Peachtree Street, NE
Atlanta, GA 30309
Telephone: (404) 572-4600
Facsimile: (404) 572-5100

Patrick S. Davies
Joshua D. Greenberg
Covington & Burling LLP
1201 Pennsylvania Avenue, NW
Washington, DC 20004-2401
Tel: (202) 662-6000
Fax: (202) 662-6291

*OF COUNSEL FOR*
*THE PURDUE DEFENDANTS*

The Purdue Defendants ("Purdue") respectfully submit this Notice of Supplemental Authority to bring to the Court's attention the Second Circuit's opinion in *McLaughlin, et al. v. American Tobacco Co., et al.*, No. 06-4666-cv, --- F.3d ---, 2008 WL 878627 (2nd Cir. April 3, 2008), and to briefly explain the relevance of the opinion to Purdue's pending Motion for Judgment on the Pleadings.

In opposition to Purdue's Motion, Plaintiff argued that it has standing to sue Purdue (and has otherwise stated a claim) because it can establish both injury-in-fact and the requisite causal nexus between Purdue's alleged misrepresentations and Plaintiff's alleged injury by "statistical inference." (Pl.'s Memo in Opp. to Purdue's MJOP at 6-9 [Doc. No. 74].) As support for this proposition, Plaintiff relied on Judge Weinstein's opinion in *In re Zyprexa Prod. Liab. Litig.*, 493 F. Supp. 2d 571 (E.D. N.Y. 2007), which, in turn relied upon Judge Weinstein's earlier opinion in *Schwab v. Philip Morris*, 449 F. Supp. 2d 992 (E.D. N.Y. 2006). (*See* Pl. Opp. Br. at 8 (quoting *Zyprexa*'s citation of *Schwab*).) Last week, the Second Circuit reversed the district court in *Schwab*. *See McLaughlin, et al. v. American Tobacco Co., et al.*, No. 06-4666-cv, --- F.3d ---, 2008 WL 878627 (2nd Cir. April 3, 2008). In so doing, the court made several determinations relevant to Purdue's pending Motion For Judgment on the Pleadings.

*First*, the court addressed whether a plaintiff may rely on a complex econometric analysis to establish proximate cause in a case in which the defendant allegedly conducted a national marketing campaign designed to fraudulently induce consumers to buy its product. *Id.* at *4-*5. The court's analysis of this issue is relevant to arguments set forth on (1) pages 2-3, 6-7, 12-14, and 21-22 of The Purdue Defendants' Memorandum of Law in Support of their Motion for Judgment on the Pleadings [Doc. 67] ("Purdue's Brief"); (2) pages 3-5, 7-9, 12-15, and 23 n. 24 of Plaintiff's Memorandum in Opposition to the Purdue Defendants' Motion for Judgment on the

Pleadings [Doc. 74] ("Plaintiff's Brief"); and (3) pages 3-7 and 10-11 of The Purdue Defendant's Reply Brief in Support of Their Motion for Judgment on the Pleadings [Doc. 82] ("Purdue's Reply").

*Second*, the court addressed whether a plaintiff that seeks to establish proximate cause based on the allegation that the alleged misconduct "distorted the body of public information" and thereby caused the market for the defendant's product to "shift" is "advocating '"the same 'fraud-on-the-market' presumption applicable in a securities case.'" *See Schwab*, 2008 WL 878627, at *4 n.5. The court's analysis of this issue is relevant to the arguments set forth on (1) pages 7-9, and 23 n.24 of Plaintiff's Brief; and (2) pages 3-4, 50-11 of Purdue's Reply.

*Third*, the court addressed whether an alleged shift in the market for the defendants' product was sufficient to give rise to a presumption of reliance/causation where consumers may have been influenced to choose the product by a number of factors other than the alleged fraud and where different consumers had different knowledge and levels of awareness of the risks associated with the product. *See Schwab*, 2008 WL 878627, at *5-*6. The court's analysis of this issue is relevant to arguments set forth on (1) pages 7-9, 12-14, and 21-22 of Purdue's Brief; (2) 7-9, 12-15, and 23 n. 24 of Plaintiff's Brief; and (3) pages 4-6 and 10-11 of Purdue's Reply.

*Fourth*, the court addressed whether a plaintiff can establish "loss causation" by generalized proof where factors other than defendants' misrepresentations may have intervened and affected the demand and price of the product in question and where an individual inquiry was necessary to determine the portion of the plaintiff's injury attributable to the alleged wrongdoing. *See Schwab*, 2008 WL 878627, at *6-*7. The court's analysis of this issue is relevant to arguments set forth on (1) pages 7-9, 12-14, and 21-22 of Purdue's Brief; (2) pages 7-9, 12-15, and 23 n. 24 of Plaintiff's Brief; and (3) pages 4-6 and 10-11 of Purdue's Reply.

*Fifth*, the court addressed whether a plaintiff can show injury due to "overall price impact" where the plaintiff's price impact model would have to engage in a series of speculative calculations to ascertain whether, and in what amount, plaintiffs suffered a loss. *See Schwab*, 2008 WL 878627, at *9-*10. The court's analysis of this issue is relevant to arguments set forth on (1) pages 7-9, 12-15, and 23 n. 24 of Plaintiff's Brief; and (2) pages 4-6 and 10-11 of Purdue's Reply.

*Sixth*, the court addressed whether a plaintiff can rely on "common proof" to show reliance and/or injury where consumers (including the plaintiff) continued to purchase the defendants' product even after the alleged "truth" about the product had been revealed to the public. *See Schwab*, 2008 WL 878627, at *5, *9. The court's analysis of this issue is relevant to arguments set forth on (1) pages 2-3, 6-7, 21-22, 34-35 of Purdue's Brief; (2) pages 2-6 of Plaintiff's Brief; and (3) pages 2-4 and 5 of Purdue's Reply.

Although the ultimate issue before the court in *Schwab* was whether individual issues predominated for purposes of class certification, the court's analysis is directly on point here. As was true in *Schwab*, Plaintiff's putative claim depends entirely on whether it is permissible (much less possible) to offer "common proof" of the causal effect of the defendants' alleged misconduct on a large "class" of individuals not before the Court. Specifically, Plaintiff argues that it can establish proximate cause by offering a statistical estimate of the impact of the alleged conduct on the decision-making of its member insureds and the doctors who treated them. Thus, the Second Circuit's determination in *Schwab* that causation was "too individualized to admit of common proof" applies with equal if not greater force here where the number of individualized factors (other than Purdue's alleged misconduct) that could have caused a given doctor to prescribe OxyContin to a given patient is greater (by an order of magnitude) than the number of

3

individualized factors potentially influencing the decision to smoke light cigarettes at issue in *Schwab*. (*See* Purdue's Brief at 8-9; Purdue's Reply at 5-6 (describing the many factors potentially influencing the prescribing of OxyContin).)

Respectfully submitted this 7th day of April, 2008.

s/Donald I Strauber

Donald I Strauber
Mary T. Yelenick
Phoebe A. Wilkinson
Gretchen N. Werwaiss
Chadbourne & Parke LLP
30 Rockefeller Plaza
New York, NY 10112
Telephone: (212) 408-5100
Facsimile: (212) 541-5369

*COUNSEL FOR*
*THE PURDUE DEFENDANTS*


Chilton D. Varner
Stephen B. Devereaux
King & Spalding LLP
1180 Peachtree Street, NE
Atlanta, GA 30309
Telephone: (404) 572-4600
Facsimile: (404) 572-5100

Patrick S. Davies
Joshua D. Greenberg
Covington & Burling LLP
1201 Pennsylvania Avenue, NW
Washington, DC 20004-2401
Tel: 202.662.6000
Fax: 202.662.6291

*OF COUNSEL FOR*
*THE PURDUE DEFENDANTS*

4