## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| NEW MEXICO UNITED FOOD AND COMMERCIAL WORKERS UNION'S AND EMPLOYERS' HEALTH AND WELFARE TRUST FUND, on behalf of itself and all others similarly situated,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>PURDUE PHARMA L.P., PURDUE PHARMA, INC., THE PURDUE FREDERICK COMPANY, INC. d/b/a/ THE PURDUE FREDERICK COMPANY, P.F. LABORATORIES, INC., ABBOTT LABORATORIES, ABBOTT LABORATORIES, INC., MICHAEL FRIEDMAN, HOWARD R. UDELL, PAUL D. GOLDENHEIM, JOHN DOE Nos. 1 through 20, and JANE DOE Nos. 1 through 20,<br><br>　　　　　Defendants.<br><br>And<br><br>AMERICAN FED'N OF STATE, COUNTY & MUNICIPAL EMPLOYEES, DISTRICT COUNCIL 47 HEALTH AND WELFARE FUND, et al.,<br><br>　　　　　Plaintiffs,<br><br>v.<br><br>PURDUE PHARMA L.P., and THE PURDUE FREDERICK COMPANY, INC.<br><br>　　　　　Defendants. | ** ** ** ** ** ** ** ** ** ** ** ** ** ** ** ** ** ** ** ** ** ** ** ** ** ** ** ** ** ** ** ** ** ** | **Civil Action No. 07-cv-6916-JGK**<br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br>**Civil Action No. 07-8761-JGK** |

### STIPULATION AND [PROPOSED]
### CONSENT PROTECTIVE ORDER OF CONFIDENTIALITY

IT IS HEREBY STIPULATED AND AGREED by the undersigned, by and throughout their respective counsel, that the following procedures and provisions shall govern Plaintiffs and Defendants for material/information produced in these actions, as set forth below:

1. The parties to this Stipulation are, from Civil Action No. 07-cv-6916-JGK, Plaintiff New Mexico United Food and Commercial Workers Union's and Employers' Health and Welfare Trust Fund, on behalf of itself and all others similarly situated, and Defendants Purdue Pharma L.P., Purdue Pharma, Inc., The Purdue Frederick Company Inc. d/b/a The Purdue Frederick Company, The P.F. Laboratories, Inc., Abbott Laboratories, Abbott Laboratories, Inc., Michael Friedman, Howard R. Udell, Paul D. Goldenheim, John Doe Nos. 1 though 20, and Jane Doe Nos. 1 through 20, and, from Civil Action No. 07-8761-JGK, Plaintiffs American Federation of State, County & Municipal Employees, District Council 47 Health and Welfare Fund, and Defendants Purdue Pharma L.P., and the Purdue Frederick Company, Inc.. There is good cause under Federal Rule of Civil Procedure 26(c) for this Protective Order.

2. The "Litigation" includes both Civil Action No. 07-cv-6916-JGK and Civil Action No. 07-8761-JGK, referenced above.

3. This Protective Order shall govern the use and dissemination of all confidential information, documents, or materials designated as Confidential produced within these actions.

4. The term "document", as used in this Protective Order shall have the same meaning as set forth in Federal Rule of Civil Procedure 34(a).

5. Any party to these actions or other person who produces, supplies, or provides access

2

to information, documents or other tangible items for use in these actions in the course of discovery (hereinafter the "Designating Party" or the "Producing Party") may designate as "Confidential" any such material that it reasonably and in good faith believes is (i) a Trade Secret or other confidential research, development or commercial information, including but not limited to sensitive financial data; technical information; proprietary or nonpublic commercial information; or commercially and/or competitively sensitive information, (ii) material or information not appropriate for public disclosure because of personal privacy interests (e.g., Social Security numbers, home addresses and phone numbers, date of birth, patient identifying information, reporter identifying information, etc.) ("Sensitive Personal Information") or contractual rights of third parties (including but not limited to proprietary information purchased from third parties), (iii) material or information which is subject to any Protective Order, sealing order or other order or ruling that prevents or limits the Designating Party from disclosing such document, or (iv) is otherwise protectable under applicable rules, statutes or common law. If upon review any party reasonably and in good faith believes that any documents, information or tangible items designated by a Designating Party are not "Confidential" as defined hereinabove, then the party may challenge such designation under the procedures set forth below in paragraph 10.

6. A designation of confidentiality shall constitute a representation by the Designating Party to the Court that, after careful examination, the Discovery Materials so designated constitute Confidential material and are (a) reasonably believed to be entitled to protection pursuant to Federal Rule of Civil Procedure 26(c) and this Protective Order, and (b) not otherwise available in the public domain unless made public by improper means or in violation of this or any other Protective Order,

confidentiality agreement, or similar order or agreement.

7. In this Litigation, documents, information, or other tangible items shall be designated as Confidential information by marking words that in substance state:

CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER IN *NEW MEXICO UNITED FOOD FUND V. PURDUE PHARMA L.P, ET AL.*, CIVIL ACTION NO. 07-CV-6916-JGK (S.D.N.Y).

Copies of Confidential information shall not obscure this legend or other identifying Bates numbers.

8. Confidential information shall not be disclosed other than as expressly authorized in this Order and may be disclosed only to:

    a. This Court and its personnel.

    b. Counsel of record in this litigation, Counsel listed on Exhibit A (attached hereto), and in-house Counsel for a Defendant.

    c. Any consultant, investigator, or Expert (collectively, "Expert") who is assisting in the preparation and trial of this litigation provided that, prior to disclosure, Counsel for the party contemplating disclosure shall determine that disclosure to an Expert of particular Confidential information is, in that counsel's good faith judgment, necessary to that party's prosecution or defense of the case. With respect to Experts for the Defendants, only outside retained Experts may have access to the Confidential information of a Co-Defendant.

    d. A deponent, but only during the course of his or her deposition, or in preparation thereof.

e.  A Court reporter.

f.  Employee representatives of the putative class representatives for Plaintiffs.

g.  Defendants, subject to the following condition: unless given permission by the Designating Party, Defendants may not have access to Confidential documents, materials or information produced by a Co-Defendant.

h.  Fact witnesses or potential fact witnesses, if disclosure to a potential fact witness of particular Confidential information is, in that counsel's good faith judgment, necessary to that party's prosecution or defense of the case.

i.  Paralegals, office clerks, secretaries, and other employees working under the supervision and at the direction of the above Counsel and assigned to perform duties in connection with the prosecution or defense of the Action.

j.  Outside copying services (including preparation of exhibits, photocopying, document coding, image scanning, or the creation of any computer database from documents containing Confidential) working as agents of the above Counsel and assigned to perform duties in connection with the prosecution or defense of the Action.

k.  Jury consultants, including mock jurors, working as agents of the above Counsel and assigned to perform duties in connection with the prosecution or defense of the Action.

9.  Any person to whom Confidential information may be disclosed pursuant to paragraphs 6(b), (c), (d), (f), (g), (h), (i), (j), or (k) shall first be shown and shall read a copy of this Protective Order and shall agree in writing to be bound by its terms by signing a copy of Confidentiality Agreement B attached as Exhibit B. Counsel for the party obtaining the person's signature on the Confidentiality Agreement will retain the original signed agreement. At the conclusion of the case, counsel will provide to Defendants copies of the signed agreements.

10. Where any Confidential information is included in any papers filed in this Litigation with the Court, such papers shall be marked in words that in substance state:

> CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER IN *NEW MEXICO UNITED FOODFUND V. PURDUE PHARMA L.P, ET AL.*, CIVIL ACTION NO. 07-CV-6916-JGK (S.D.N.Y).

and placed in a sealed envelope marked with the caption of the case and held under seal in accordance with the local rules and practices of this Court for such pleadings and documents. Inadvertent failure to designate any information pursuant to this Protective Order shall not constitute a waiver of any otherwise valid claim for protection, so long as such claim is asserted within thirty (30) days of the discovery of the inadvertent failure. At such time, arrangements shall be made for return of all copies of the inadvertently misdesignated documents to the Designating Party and for the submission, where appropriate, of properly labeled copies. If, during a deposition or within thirty (30) days thereafter, a Designating Party advises the Court reporter that Confidential information has been disclosed during a deposition, the entire transcript shall be treated as confidential for thirty (30) days after receipt of the deposition transcript, within which time Counsel for the Designating Party shall advise the Court reporter

of the pages and lines on which Confidential information appears. At the conclusion of such thirty (30) day period, transcript pages and Exhibits in this Litigation containing Confidential information shall continue to be treated as Confidential under this Order, and shall be designated:

> CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER IN *NEW MEXICO UNITED FOOD FUND V. PURDUE PHARMA L.P, ET AL.*, CIVIL ACTION NO. 07-CV-6916-JGK (S.D.N.Y).

before the transcript is distributed. The court reporter shall include on the cover page a clear indication that portions of the deposition have been designated Confidential.

11. A Designating Party may in good faith redact Sensitive Personal Information, as defined above in Paragraph 3(ii), from any document or material. However, copies of such documents shall be maintained by the Designating Party without redaction of Sensitive Personal Information. Counsel for a discovering party and, if necessary, Experts satisfying paragraph 6, may have access to the unredacted versions of such documents, subject to any applicable federal regulation, including but not limited to 21 C.F.R. § 20.63 et seq., at the office of the Designating Party's local counsel, but only for the purpose of ascertaining the appropriateness of any redactions. If upon review any party reasonably and in good faith believes that any documents, information or tangible items redacted by a Designating Party pursuant to this paragraph should not have been redacted, then the party may challenge such redaction by first identifying such redaction by bates number page and line and then by following the procedures set forth below in paragraph 10.

12. If upon review any party reasonably and in good faith believes that any documents, information or tangible items designated by a Designating Party are not "Confidential" as defined

7

hereinabove, then the party may challenge such designation by notifying the Designating Party in writing at any time prior to thirty (30) days before the first deadline for exhibit lists for any party. The written notice must specifically identify the challenged documents, information or tangible items, by bates number page where available. The Designating Party must then seek a protective order from the Court for such documents, information, or tangible items. Failure to file a motion for a protective order within thirty (30) days from receiving notification of a party's challenge to the designation shall cause such documents, information or tangible items to be excluded from the provisions of this order.

13.   No one may attend, or review the Confidential portions of a deposition, or a transcript of any deposition, other than persons listed in paragraph 6 and counsel for the deponent (after counsel has read this Protective Order and signed Confidentiality Agreement B).

14.   Any presentation of Confidential information to the Court prior to the trial shall be made only in the presence of persons listed in paragraph 6 unless the Court otherwise orders.

15.   Except to the extent expressly authorized in this Protective Order, Confidential information shall not be used or disclosed for any purpose other than the preparation and/or trial of this case and/or appeal therefrom or in any case listed in Exhibit D, provided that a Consent Protective Order of Confidentiality substantially identical to this Protective Order has been entered in each such case. Exhibit D may be freely amended at any time during the pendency of this Action by written consent of the parties, which consent shall not be unreasonably withheld. Nothing in this Protective Order shall restrict a Designating Party's use of its own documents.

16. Any notes, summaries, compilations or copies containing Confidential information or electronic images or databases containing Confidential information shall be subject to the terms of this Protective Order to the same extent as the material or information from which such notes, summaries, compilations, copies, electronic images, or databases is made or derived.

17. Inadvertent production of privileged material does not constitute a waiver. In the case of inadvertently produced privileged and/or work product documents, upon request of the Producing Party, the documents together with all copies thereof and any notes made therefrom shall be returned to the party claiming privilege and/or work product immunity within seven (7) days of receipt of notice of the inadvertent production and any notes made therefrom shall be destroyed. Notwithstanding the forgoing, to the extent that such documents were produced on production media containing documents not otherwise subject to any claim of privilege or work product, the Producing Party shall produce replacement production media prior to requiring the returning party to return any such documents pursuant to the prior sentence. A party returning inadvertently produced documents pursuant to this paragraph does not waive its right to challenge the privileged and/or work product status of those documents. In support of such a challenge, a party returning inadvertently produced documents may, at that time, submit a copy of the returned documents to the Court under seal, to be opened in camera only if the party elects to challenge the privileged and/or work product status of those documents; if the party returning inadvertently produced documents fails to file a motion to compel production of these documents with fourteen (14) days of submitting them to the Court, the documents will be returned to the Designating Party.

18. This Protective Order is without prejudice to the right of any party to seek modification thereof from the Court and shall remain in effect until such time as it is modified, amended or set aside by the Court.

19. This Protective Order is not intended to prohibit the use or admissibility of Confidential information upon trial of this action. Issues involving the protection of Confidential information during trial will be presented to the Court prior to or during trial as each party deems appropriate.

20. In the event that additional parties are named in these actions, neither they nor their Counsel shall have access to Confidential discovery material until executing Confidentiality Agreement B, and filing the agreement with the Court to reflect that addition of new counsel of record.

21. Within sixty (60) days after the final disposition of this action or the last action listed in Exhibit D, whichever is later, all documents and materials containing Confidential information (other than exhibits to the official court record) shall be returned to the Designating Party or, at the sole option and request of the Designating Party, destroyed at the Designating Party's expense. The attorneys returning documents containing Confidential information may, for a period of five (5) years following the final disposition of this action or the last action listed in Exhibit D, whichever is later, retain (a) their attorney 'work product' and privileged attorney-client correspondence, (b) court-filed documents and litigation-related correspondence, and (c) such other documents as may be necessary in their reasonable good judgment to comply with ethical or legal obligations and requirements; provided, that, this exception shall not apply to any copies of Confidential documents that are incorporated into or attached to attorney-client communications or attorney work product (e.g., notebooks of selected Confidential

documents) and such retained documents shall remain subject to the terms of the Protective Order. Counsel for any party or third party receiving Confidential information shall make written certification of compliance with this provision and shall deliver the same to counsel for each Designating Party. If at the time of the final disposition of this action, any individual counsel of record for Plaintiffs in this action is currently counsel of record in any other OxyContin®-related products liability litigation involving Defendants, then the deadline for that particular counsel to fulfill the obligations in this paragraph shall be sixty (60) days after the final disposition of the final OxyContin®-related products liability litigation in which he or she is counsel of record; the deadline for all other individuals possessing documents and materials containing Confidential information pursuant to this Protective Order shall remain sixty (60) days after the final disposition of this action.

22. Nothing in this Protective Order shall restrict or prohibit a party from seeking protections in addition to those set forth in this Protective Order for a particular document(s) or for particular testimony given in these actions.

23. If another court or administrative agency subpoenas or orders production of Confidential information that a party has obtained under the terms of this Protective Order, such party shall, if there are fewer than ten (10) days to comply, within two (2) days of receiving the subpoena or order, or if more than ten (10) days to comply, at least seven (7) business days prior to the due date of compliance, notify the Designating Party of the pendency of the subpoena or order in writing, and shall not produce the Confidential information until the Designating Party has had reasonable time to take appropriate steps to protect the material. It shall be the responsibility of the Designating Party to obtain

relief from the subpoena or order prior to the due date of compliance, and to give the Designating Party an opportunity to obtain such relief, the party from whom the information is sought shall not make the disclosure before the actual due date of compliance set forth in the subpoena or order.

24. The obligations of this Protective Order shall survive the termination of these actions and shall continue to restrict the disclosure and use of discovery material designated as Confidential information by the parties, their counsel, and all who signed a Confidentiality Agreement. Following termination of this Action, the Court will retain jurisdiction to enforce the terms of this Protective Order.

### Highly Confidential Information

25. A Designating Party may designate as "Highly Confidential" confidential research, development or commercial information which is so proprietary or competitively sensitive that there is a reasonable likelihood that its disclosure might cause irreparable competitive injury, such as product formulas, specifications, recipes and manufacturing processes; development of new products or technologies; business, financial and marketing plans having current or future applicability. In this Litigation, the designation "Highly Confidential Information" shall be made by affixing on the document or material containing such information the legend that in substance states:

> HIGHLY CONFIDENTIAL - ACCESS RESTRICTED BY COURT ORDER IN *NEW MEXICO UNITED FOOD FUND V. PURDUE PHARMA L.P, ET AL.*, CIVIL ACTION NO. 07-CV-6916-JGK (S.D.N.Y).

26. Highly Confidential Information shall not be disclosed other than as expressly authorized in this Order and may be disclosed only as follows:

    a. Highly Confidential Information may be disclosed only to persons who satisfy the

12

conditions stated in paragraph 6, plus these additional requirements:

i.   Any person to whom Highly Confidential Information may be disclosed, except this Court and its personnel, shall first be shown and shall read a copy of this Protective Order and shall agree in writing to be bound by its terms by signing a copy of the Confidentiality Agreement C attached as Exhibit C; counsel for the party obtaining the person's signature on the Confidentiality Agreement will retain the original signed agreement; and

ii.  Highly Confidential Information may not be disclosed to any individual who is currently an officer, director, or employee (as further described in Confidentiality Agreement C) of any entity that is engaged in the pharmaceutical business or the business of supplying pharmaceutical products or ingredients or machinery used in the manufacture of pharmaceutical products ("Competitor"). Highly Confidential Information also may not be disclosed to any individual who is currently a consultant or agent for any Competitor in areas relating to the design, formulation, manufacture, sale or marketing of controlled-release pharmaceuticals, prescription analgesic pharmaceuticals, or any ingredients or machinery used in the manufacture of controlled-release pharmaceuticals or prescription analgesic pharmaceuticals.

iii. If the Plaintiffs believe that the restrictions of this Protective Order relating to disclosure of Highly Confidential Information to an Expert inappropriately

13

prejudices the Plaintiffs with respect to a particular Expert, the parties agree that Plaintiffs shall contact counsel for the Designating Party with the name, affiliation, and current curriculum vitae of the Competitor officer, director, employee, consultant or agent to whom Plaintiffs would like to disclose Highly Competitive Information ("Competitor Expert"). The parties shall meet and confer concerning this Competitor Expert within ten (10) business days from the date of receipt of such information. During this meet and confer process, Plaintiffs will cooperate by providing the Designating Party sufficient information concerning the Competitor Expert to determine whether the Competitor Expert poses a competitive threat to the Designating Party. If at the conclusion of this meet and confer process, the Designating Party still objects to the disclosure, the Designating Party shall file a motion for protective order no later than ten (10) business days after the meet and confer process has been completed, unless otherwise agreed to in writing by the parties.

b.  Except as stated in this paragraph, all other provisions of the Protective Order that refer to Confidential information shall also apply to Highly Confidential Information, except that references to the "Confidentiality Agreement B" shall be replaced by "Confidentiality Agreement C" and the designation used with Highly Confidential Information shall be that shown in paragraph 23.

This 16th day of May, 2008.

Respectfully Submitted,

SEEGER WEISS LLP

_____

| | |
|---|---|
| Jonathan Shub<br>TerriAnne Benedetto<br>Seeger Weiss LLP<br>1515 Market Street - Suite 1380<br>Philadelphia, PA  19102<br>Telephone: (215) 564-2300<br>Facsimile: (215) 851-8029 | Christopher A. Seeger (CS-4880)<br>David R. Buchanan<br>One William Street<br>New York, NY  10004<br>Telephone: (212) 584-0700<br>Facsimile: (212) 584-0799 |
| James R. Dugan, II<br>Arnold Levin<br>Fred Longer<br>Charles Schaffer<br>Levin Fishbein Sedran & Berman<br>510 Walnut Street, Suite 500<br>Philadelphia, PA  19106 | Douglas R. Plymale<br>Stephen B. Murray, Jr.<br>Stephen B. Murray, Sr.<br>Justin Bloom<br>Murray Law Firm<br>650 Poydras Street, Suite 2150<br>New Orleans, LA  70130<br>Telephone: (504) 648-0180<br>Facsimile: (504) 648-0181 |
| Arthur Sadin<br>Sadin Law Firm<br>121 Magnolia Street, Suite 102<br>Friendswood, TX  77546 | Stewart L. Cohen<br>Cohen Placitella & Roth<br>Two Commerce Square, Suite 2900<br>2001 Market Street<br>Philadelphia, PA  19103 |
| Shane Youtz<br>Youtz & Valdez<br>420 Central Avenue, Southwest<br>Albuquerque, NM  87102 | Steven A. Schwartz<br>Chimicles & Tikellis, LLP<br>361 W. Lancaster Avenue<br>Haverford, PA  19041 |
| | William D. Marvin<br>Cohen, Placitella & Roth, P.C.<br>2100 Market Street, Suite 2900<br>Two Commerce Square<br>Philadelphia, PA 19103 |

*Counsel for Plaintiffs*

15

_____
Donald I Strauber
Mary Therese Yelenick
Phoebe A. Wilkinson
Chadbourne & Parke LLP
30 Rockefeller Plaza
New York, NY 10112
Telephone: (212) 687-9818
Facsimile: (212) 541-5369

Chilton D. Varner
Robert K. Woo, Jr.
Stephen B. Devereaux
Dan H. Willoughby, Jr.
King & Spalding LLP
1180 Peachtree Street, NE
Atlanta, GA 30309

Timothy C. Hester, Esq.
Mark H. Lynch, Esq.
Patrick S. Davies, Esq.
Covington & Burling LLP
1201 Pennsylvania Avenue, N.W.
Washington, DC 20004-2401

*Counsel for the Purdue Defendants
and the Individual Defendants*

_____
M. King Hill III
Venable LLP
PNC Bank Building
Two Hopkins Plaza, Suite 1800
Baltimore, MD 21201
Telephone: (410) 244-7400
Facsimile: (410) 244-7742

*Counsel for the Abbott Defendants*

This Order does not apply to the Court or Court personnel. The Court reserves the right to amend this order at any time.

**SO ORDERED.**

Dated: 5/21/08

_____
John G. Koeltl, U.S.D.J.

16