UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| NEW MEXICO UNITED FOOD AND COMMERCIAL WORKERS UNION'S AND EMPLOYERS' HEALTH AND WELFARE TRUST FUND, on behalf of itself and all others similarly situated,<br><br>        Plaintiff,<br><br>v.<br><br>PURDUE PHARMA L.P., et al.,<br><br>        Defendants. | Civil Action No. 07-cv-6916-JGK |

**THE PURDUE DEFENDANTS' SECOND NOTICE OF SUPPLEMENTAL
AUTHORITY IN SUPPORT OF THEIR
<u>MOTION FOR JUDGMENT ON THE PLEADINGS</u>**

Donald I Strauber
Mary T. Yelenick
Phoebe A. Wilkinson
Gretchen N. Werwaiss
Chadbourne & Parke LLP
30 Rockefeller Plaza
New York, NY 10112
Telephone: (212) 408-5100
Facsimile: (212) 541-5369

*COUNSEL FOR
THE PURDUE DEFENDANTS*

Chilton D. Varner
Stephen B. Devereaux
King & Spalding LLP
1180 Peachtree Street, NE
Atlanta, GA 30309
Telephone: (404) 572-4600
Facsimile: (404) 572-5100

Patrick S. Davies
Joshua D. Greenberg
Covington & Burling LLP
1201 Pennsylvania Avenue, NW
Washington, DC 20004-2401
Tel: (202) 662-6000
Fax: (202) 662-6291

*OF COUNSEL FOR
THE PURDUE DEFENDANTS*

The Purdue Defendants ("Purdue") respectfully submit this Second Notice of Supplemental Authority to bring to the Court's attention the United States Supreme Court's recent opinion in *Bridge, et al. v. Phoenix Bond & Indemnity Co., et al.*, No. 07-210, 2008 WL 2329761 (U.S. Jun. 9, 2008), and to explain its relevance to Purdue's pending Motion for Judgment on the Pleadings.

The issue presented in *Bridge* was "whether a plaintiff asserting a RICO claim predicated on mail fraud must plead and prove that it relied on the defendant's alleged misrepresentations." *Id.* at *2. In answering this question, the Court determined that such "first-party reliance" is not required in every case. Instead, it is possible to state a claim where the alleged fraud was directed to and relied upon by a *third party* as long as the plaintiff can show that he or she was a direct victim of the alleged fraud.

*Bridge* is relevant here for several reasons. As a threshold matter, it forecloses one of the arguments Purdue made in support of its motion. Specifically, Purdue argued that Plaintiff's RICO claim failed because it did not allege that defendants made any specific misleading statement to it. (*See* Defs. Memo. at 13 [Doc. 67].) After *Bridge*, it is no longer the case that a plaintiff who predicates his or her RICO claim on mail fraud must, *in every case*, plead and prove that he or she directly relied on the alleged fraud.

Despite this change in the law, *Bridge* does not rescue Plaintiff's RICO claim. On the contrary, the case provides strong support for Purdue's argument that Plaintiff has not (and cannot) state a claim.[1]

---

[1] As shown in Purdue's briefs, Plaintiff's claim fails for several reasons independent of Plaintiff's failure to plead "first-party" reliance. (*See* Defs. Memo. at 5-9 (no standing), 11-12 (no proximate cause/direct injury), 14-17 (no

*First*, in affirming its prior holding that a RICO plaintiff must prove that the alleged mail fraud was the "proximate cause" of the plaintiff's injury, the *Bridge* Court noted (as it has in the past) that the proximate cause requirement places "a particular emphasis on the 'demand for some direct relation between the injury asserted and the injurious conduct alleged.'" *Bridge*, at *9 (quoting *Holmes v. Securities Investor Protection Corp.*, 503 U.S. 258 (1992)). The Court further explained that this "demand" for a "direct relation" between cause and effect exists to weed out "indirect" claims where it is not possible to distinguish the role of the alleged mail fraud from other, independent causes. *See Bridge*, at * 9 (explaining that the direct-relation requirement "avoids the difficulties associated with attempting to 'ascertain the amount of a plaintiff's damages attributable to the violation, *as distinct from other, independent factors . . . .*'" (quoting *Holmes v. Securities Investor Protection Corp.*, 503 U.S. 258 (1992)) (emphasis added)). Plaintiff's RICO claim is defective in this respect because it is based on the alleged acts of an undifferentiated "class" of parties not before the court -- *e.g.*, doctors and patients -- who may very well have acted on their own and, in any event, cannot be assumed to have been influenced by the alleged misconduct. (*See* Defs. Memo. at 11-13 [Doc. 67].)

*Second, Bridge* teaches that a RICO claimant will almost always have to plead and prove that "*someone* relied on the defendant's misrepresentations." *Bridge*, at *11 (emphasis in original). Indeed, "[i]n most cases, the plaintiff will not be able to establish even but-for causation if no one relied on the misrepresentation." *Id.* In addition, "the complete absence of reliance may prevent the plaintiff from establishing proximate cause." *Id.* Here, Plaintiff's

---

enterprise), 33-34 (statute of limitations) [Doc. 67]; *see also* Defs. Reply 1-7; 7-9; 10-12 [Doc. 82] *and* Defs. Notice of Supp. Auth. [Doc. 86].)

claim fails because it has yet to identify even a single doctor (or other third party) who allegedly heard and relied on any alleged mail fraud.

*Third*, in cases like this one where there is no way to presume that that intended recipients of the alleged fraud ever heard or relied upon it, *Bridge* makes clear that the plaintiff must plead and prove each link in the chain of causation -- *i.e.*, that an identifiable third-party did, in fact, hear and reasonably rely on the alleged fraud and, as a direct result, took some action that injured the plaintiff. *See Bridge*, *11 (noting that the chain of causation would have been broken if the county either ignored the alleged misstatements or knew that they were false). This is, of course, an inherently individualized determination. It is therefore impossible to plead and prove proximate cause by relying on "common" allegations or proof of the causal effect of the defendant's alleged misconduct on a large class of otherwise unidentified individuals not before the court. *See, e.g., McLaughlin, et al. v. American Tobacco Co., et. al.*, 522 F.3d 215, 227 (2nd Cir. 2008) ("Here, because factors other than defendants' misrepresentations may have intervened and affected the demand and price of [the product], and because determining the portion of the plaintiffs' injury attributable to defendants' wrongdoing would require an individualized inquiry, plaintiffs cannot establish loss causation on a class-wide basis."). And yet, as Plaintiff candidly admits, that is exactly what it would have the Court do here.[2] (*See, e.g.*, Pls. Opp. 7-9 [Doc. 74].)

---

[2] In *Bridge,* of course, there was no attempt made by the plaintiffs to "estimate" the impact of the alleged fraud. Instead, the plaintiffs alleged that the defendants made specific misstatements to an identifiable third party (the county) and that the third party relied upon the misstatements and took actions that directly harmed the plaintiffs (awarding valuable liens to the defendants instead of the plaintiffs). Because these were specific and identifiable transactions, the plaintiffs could offer actual proof that their injuries were directly caused by the alleged mail fraud and not by an intervening or alternate cause. Thus, unlike Plaintiff's proximate cause theory here, no guesswork or speculation was required.

Respectfully submitted this 17$^h$ day of June, 2008.

           <u>s/Donald I Strauber</u>

           Donald I Strauber
           Mary T. Yelenick
           Phoebe A. Wilkinson
           Gretchen N. Werwaiss
           Chadbourne & Parke LLP
           30 Rockefeller Plaza
           New York, NY  10112
           Telephone: (212) 408-5100
           Facsimile: (212) 541-5369

           *COUNSEL FOR*
           *THE PURDUE DEFENDANTS*

           Chilton D. Varner
           Stephen B. Devereaux
           King & Spalding LLP
           1180 Peachtree Street, NE
           Atlanta, GA  30309
           Telephone: (404) 572-4600
           Facsimile: (404) 572-5100

           Patrick S. Davies
           Joshua D. Greenberg
           Covington & Burling LLP
           1201 Pennsylvania Avenue, NW
           Washington, DC 20004-2401
           Tel: 202.662.6000
           Fax: 202.662.6291

           *OF COUNSEL FOR*
           *THE PURDUE DEFENDANTS*