UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| NEW MEXICO UNITED FOOD AND COMMERCIAL WORKERS UNION'S AND EMPLOYERS' HEALTH AND WELFARE TRUST FUND, on behalf of itself and all others similarly situated, : : : : : : : Plaintiff, : v. : PURDUE PHARMA L.P., et al., : : Defendant : : : | CIVIL ACTION NO. 07-cv-6916 -JGK |

**RESPONSE OF PLAINTIFF TO DEFENDANT'S FIRST AND SECOND NOTICES OF SUPPLEMENTAL AUTHORITY**

Plaintiff files this Response to Defendant's First and Second Notices of Supplemental Authority filed on April 7, 2008 and June 17, 2008, respectively:

1. The first Notice cites the case *Mclaughlin, et al. v. American Tobacco Co. , et al.*, No. 06-4666-cv, F.3d, 2008 WL 878627. The second Notice cites the [1] *Bridge, et al. v. Phoenix Bond & Indemnity Co., et al.,* No. 07-210, 2008 WL 2329761. Defendants attempt to reconcile and relate the two cases to the present case.

2. It is plaintiff's position that only the *Bridge* decision may aid the Court in ruling on the pending Motion to Dismiss.

3. In *Bridge*, the Court affirmed the Seventh Circuit's ruling that Plaintiff bringing RICO claims under 18 § U.S.C. 1962(c) need not show reliance on defendant's alleged misrepresentation in order to substantiate their claims. The Court determined

---

[1] Bridge V. Phoenix Bond & Indemnity Co., No. 07-210. October 2007 Term, June 20, 2008

        that even when the predicate action underlying the RICO claim is mail fraud, Plaintiff need not to prove reliance as an element of the RICO claim itself, not as a prerequisite to establishing proximate causation.

4. The Court's determination "In *Bridge*" rested on an analysis of the RICO statute themselves as well as the requirements for proving fraud at common law. The Court writes, "[i]f petitioners' proposed requirement of first-party reliance seems to come out of nowhere, there is a reason: Nothing on the face of the relevant statutory provisions imposes such a requirement". The Court further opined that defendant's attempt to derive a reliance requirement based on common law fraud was inappropriate, since the violation alleged by Plaintiff is not common law fraud but "mail fraud", a term defined explicitly by the statute.

5. The Court then reaffirmed the proximate cause element analysis put forth in *Holmes v. Securities Investor Protection Corporation,* 503 U.S. 258 (1992), and determined that "[h]aving rejected petitioners' argument that reliance is an element of a civil RICO claim based on mail fraud, we see no reason to let that argument in through the back door by holding that the proximate-cause analysis under RICO must precisely track the proximate-cause analysis of a common-law fraud claim"[2]. As the Court explained, "the fact that proof of reliance is often used to prove an element of causation, does not transform reliance itself into an element of the cause of action."[3]

---

[2] *Id.* at 15-16

[3] *Id*. at 19.

6.  The decision impacts the vitality of the Second Circuit's decision in *Mclaughlin v. Philip Morris.*[4] The Second Circuit's opinion, that "under RICO, each plaintiff must prove reliance, injury, and damages" is no longer good law. Consequently, plaintiff's ask this Honorable Court to consider *Bridge* when making a decision as to the pending Motion to Dismiss.

Date: June 20, 2008

Respectfully submitted,

/s/ James R. Dugan, II
James R. Dugan, II
Douglas R. Plymale
Stephen B. Murray, Jr.
Stephen B. Murray, Sr.
**MURRAY LAW FIRM**
650 Poydras Street, Suite 2150
New Orleans, LA 70130
Phone:(504) 648-0180
Fax:    (504) 648-0181


/s/ Christopher A. Seeger
Christopher A. Seeger, Esq.
Jonathan Shub, Esq.
TerriAnne Benedetto, Esq.
**SEEGER WEISS LLP**
One William Street
New York, NY 10004
Phone: (212) 584-0700

/s/ Arnold Levin
Arnold Levin, Esq.
**LEVIN, FISHBEIN, SEDRAN & BERMAN**
510 Walnut street, Suite 500
Philadelphia, PA 19106
Phone: (212) 592-1500

---

[4] McLaughlin v. Philip Morris F.3d.2008 WL 878627 (2d Cir. Apr. 3, 2008).

/s/ Art Sadin
Art Sadin, Esq.
**SADIN LAW FIRM**
1104 South Friendswood Drive
Friendswood, TX 77546
Phone: (281) 648-7711

/s/ Shane Youtz
Shane Youtz, Esq.
**YOUTZ & VALDEZ, PC**
900 Gold Ave., SW
Albuquerque, NM 87102
Phone: (505) 244-1200