UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| NEW MEXICO UNITED FOOD AND COMMERCIAL WORKERS UNION'S AND EMPLOYERS' HEALTH AND WELFARE TRUST FUND, on behalf of itself and all others similarly situated, | ** ** ** ** ** | |
| Plaintiff, | ** | **Civil Action No. 07-cv-6916-JGK-FM** |
| | ** | |
| v. | ** | |
| | ** | |
| PURDUE PHARMA L.P., et al., | ** | |
| | ** | |
| Defendants. | ** | |

**THE PURDUE DEFENDANTS' REPLY TO PLAINTIFF'S RESPONSE TO DEFENDANTS' FIRST AND SECOND NOTICES OF SUPPLEMENTAL AUTHORITY**

| | |
|---|---|
| Donald I Strauber | Chilton D. Varner |
| Mary T. Yelenick | Stephen B. Devereaux |
| Phoebe A. Wilkinson | King & Spalding LLP |
| Gretchen N. Werwaiss | 1180 Peachtree Street, NE |
| Chadbourne & Parke LLP | Atlanta, GA 30309 |
| 30 Rockefeller Plaza | Telephone: (404) 572-4600 |
| New York, NY 10112 | Facsimile: (404) 572-5100 |
| Telephone: (212) 408-5100 | |
| Facsimile: (212) 541-5369 | Patrick S. Davies |
| | Joshua D. Greenberg |
| *COUNSEL FOR* | Covington & Burling LLP |
| *THE PURDUE DEFENDANTS* | 1201 Pennsylvania Avenue, NW |
| | Washington, DC 20004-2401 |
| | Tel: (202) 662-6000 |
| | Fax: (202) 662-6291 |
| | |
| | *OF COUNSEL FOR* |
| | *THE PURDUE DEFENDANTS* |

The Purdue Defendants ("Purdue") respectfully submit this reply to Plaintiff's Response to Purdue's First and Second Notices of Supplemental Authority (Doc. No. 94) ("Response"):

In its Response, Plaintiff argues that the Supreme Court's opinion in *Bridge, et al. v. Phoenix Bond & Indemnity Co., et al.*, No. 07-210, 2008 WL 2329761 (U.S. Jun. 9, 2008), "impacts the vitality" of *McLaughlin v. Philip Morris*, 522 F.3d 215 (2d Cir. 2008). Plaintiff is mistaken.

As a threshold matter, it is worth noting that Plaintiff in its Response does not dispute that *McLaughlin* is fatal to its theory of proximate cause and therefore mandates dismissal of its claims. (*See* Purdue's First and Second Notices of Supplemental Authority [Doc. Nos. 86 & 91].) Nor could it as the *McLaughlin* court rejected Plaintiff's "price inflation" theory in a case directly analogous to this one.

Unable to distinguish *McLaughlin*, Plaintiff asserts that *Bridge* undermines its holding that "'under RICO, each plaintiff must prove reliance, injury, and damages.'" (Doc. No. 93 at 4.) There are a number of problems with this assertion.

First, the idea that *Bridge* removed the injury and damages elements from the RICO statute is absurd. The opposite is true, as *Bridge* itself makes clear. *See Bridge*, at *5 ("The upshot is that RICO provides a private right of action for treble *damages* to any person *injured* in his business or property *by reason of* the conduct of a qualifying enterprise's . . . .") (emphasis added).

Second, Plaintiff misquotes and, more importantly, misunderstands *McLaughlin's* discussion of reliance. *McLaughlin* did not baldly assert, as Plaintiff suggests, that a plaintiff

must invariably plead *first-party* reliance. Indeed, the quote Plaintiff attributes to *McLaughlin* does not even appear in the opinion. Here is what *McLaughlin* actually says about reliance:

> "*In cases such as this one* when mail or wire fraud is the predicate act for a civil RICO claim, *the transaction or "but for" causation element* requires the plaintiff to demonstrate that he relied on the defendant's misrepresentation."

*McLaughlin*, 522 F.2d at 222 (emphasis added.) This stands for the proposition that in cases (like *McLaughlin*, and in sharp contrast to the present case) in which the plaintiff alleges that he or she was the direct recipient of the alleged mail fraud, the plaintiff must establish reliance in order to show causation. This is fully consistent with *Bridge,* which states that, in first-party reliance cases like *McLaughlin*, a plaintiff can satisfy the causation requirement "only if" he or she relied on the alleged misrepresentation. *Bridge*, 2008 WL 2329761, at *10 n. 6 ("Of course, a misrepresentation can cause harm *only if a recipient of the misrepresentation relies on it*.") (emphasis added).

Moreover, *Bridge* holds only that "a plaintiff asserting a RICO claim predicated on mail fraud need not show, either as an element of its claim or as a prerequisite to establishing proximate causation, that *it* relied on the defendant's alleged misrepresentation." *Id.* (emphasis added). Whether *someone other than the plaintiff* must have relied on the alleged mail fraud was not at issue in *McLaughlin*.

Thus, Plaintiff is incorrect in asserting that *McLaughlin* is "no longer good law" in light of *Bridge*. Moreover, it is clear that *McLaughlin's* holding with respect to proximate cause -- which provides a separate and independent basis for dismissal here -- remains "good law" after *Bridge.* As Purdue showed in its most recent filing (Doc. No. 91 at 2-3), the *Bridge* Court strongly affirmed the Supreme Court's prior holdings on proximate cause, which were cited and followed by *McLaughlin. See, e.g., McLaughlin*, 522 F.3d at 226-227 (citing *Anza*).

Finally, it is worth noting that reliance (albeit third-party reliance) is in this case because Plaintiff put it there. (*See, e.g.,* Compl. ¶ 165 ("Physicians relied on Defendants' misrepresentations and omissions in prescribing OxyContin to patients.").) And, as *Bridge* makes clear, Plaintiff did so because there is *no other way* to establish that Purdue's alleged mail fraud *caused* its alleged harm: "Of course, none of this is to say that a RICO plaintiff who alleges injury 'by reason of' a pattern of mail fraud can prevail without showing that *someone* relied on the defendant's misrepresentations." *Bridge*, 2008 WL 2329761, at *10-11 & n. 6 (emphasis in original). Thus, as to this allegation, *McLaughlin's* holding that reliance cannot be presumed or estimated in a case like this one applies with the same force that it did before *Bridge* came down.

In sum, contrary to Plaintiff's assertion, *Bridge* does not weaken *McLaughlin* in any way that matters here, much less render it "bad law."

Respectfully submitted this 3rd day of July, 2008.

| | |
|---|---|
| Chilton D. Varner<br>Stephen B. Devereaux<br>King & Spalding LLP<br>1180 Peachtree Street, NE<br>Atlanta, GA  30309<br>Telephone: (404) 572-4600<br>Facsimile: (404) 572-5100<br><br>Patrick S. Davies<br>Joshua D. Greenberg<br>Covington & Burling LLP<br>1201 Pennsylvania Avenue, NW<br>Washington, DC 20004-2401<br>Tel: 202.662.6000<br>Fax: 202.662.6291<br><br>*OF COUNSEL FOR*<br>*THE PURDUE DEFENDANTS* | s/Donald I Strauber<br><br>Donald I Strauber<br>Mary T. Yelenick<br>Phoebe A. Wilkinson<br>Gretchen N. Werwaiss<br>Chadbourne & Parke LLP<br>30 Rockefeller Plaza<br>New York, NY  10112<br>Telephone: (212) 408-5100<br>Facsimile: (212) 541-5369<br><br>*COUNSEL FOR*<br>*THE PURDUE DEFENDANTS* |

3