# UNITED STATES DISTRICT COURT

# FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| NEW MEXICO UNITED FOOD AND COMMERCIAL WORKERS UNION'S AND EMPLOYERS' HEALTH AND WELFARE TRUST FUND, on behalf of itself and all others similarly situated,<br><br>      Plaintiff,<br><br>    v.<br><br>PURDUE PHARMA L.P., PURDUE PHARMA, INC., THE PURDUE FREDERICK COMPANY, INC. d/b/a THE PURDUE FREDERICK COMPANY, P.F. LABORATORIES, INC., ABBOTT LABORATORIES, ABBOTT LABORATORIES, INC., MICHAEL FRIEDMAN, HOWARD R. UDELL, PAUL D. GOLDENHEIM, JOHN DOE Nos. 1 through 20, and JANE DOE Nos. 1 through 20,<br><br>      Defendants. | **Civil Action No. 07-cv-6916-JGK** |
| AMERICAN FED'N OF STATE, COUNTY & MUNICIPAL EMPLOYEES, DISTRICT COUNCIL 47 HEALTH AND WELFARE FUND, et al.,<br><br>      Plaintiffs,<br><br>    v.<br><br>PURDUE PHARMA L.P., and THE PURDUE FREDERICK COMPANY, INC.<br><br>      Defendants. | **Civil Action No. 07-8761-JGK** |

# [PROPOSED] CASE MANAGEMENT ORDER NO. 3

# [PROPOSED] CASE MANAGEMENT ORDER NO. 3

Pursuant to Rules 16 and 26(f) of the Federal Rules of Civil Procedure, the status conference held on November 29, 2007, the parties' Joint Motion for Modification of Case Management Schedule and for Entry of Proposed Case Management Order No. 3, dated July 31, 2008 and the agreed upon modifications of the parties, the Court sets the following revised case management schedule:

1. **Rule 26(a)(1) Initial Disclosures**

The parties shall make their initial disclosures pursuant to Rule 26(a)(1) by **January 9, 2008**.

2. **Rules Governing Discovery**

The rules governing discovery shall be those set forth in the Federal Rules of Civil Procedure; the Local Rules for the United States District Courts for the Southern and Eastern Districts of New York; and the Individual Practices of Judge John G. Koeltl.

3. **Meet-and-Confer Regarding Electronic-Discovery Issues**

The parties shall confer no later than **December 21, 2007** concerning the preservation of potentially discoverable information, disclosure or discovery of electronically stored information, the form of production of electronically stored information and hard copy documents, and claims related to privilege or the protection of confidential materials.

## 4. Protective Orders

The parties shall confer regarding the entry of a protective order pursuant to Federal Rule of Civil Procedure 26(c) prior to the production of confidential or proprietary documents or documents containing sensitive or legally-protected information.

## 5. Rule 12 Motions

The Abbott defendants have a pending motion to dismiss the *New Mexico Fund* action.

The Purdue defendants shall file their motions pursuant to Federal Rule of Civil Procedure 12(c) concerning the *New Mexico Fund* and the *AFSCME* actions by **January 7, 2008.**

Plaintiffs shall file their Briefs in Opposition to Abbott's and Purdue's respective motions by **February 1, 2008.**

The Abbott Defendants and the Purdue defendants shall file their respective Reply Briefs in Further Support of their Motions by **February 19, 2008**.

## 6. Fact Discovery

Absent good cause, each side shall be notified of the scheduling of any deposition at least fourteen (14) days in advance.

### a. Previously Produced Materials

Plaintiffs and the Purdue defendants have agreed that plaintiffs shall be permitted to review documents previously produced by Purdue in other OxyContin civil litigation

in which individuals, third party payors, or state Attorneys General asserted claims against the Purdue defendants for personal or economic injury because of alleged improper marketing of OxyContin. Such documents shall be made available for preliminary review at the Purdue document depository in Atlanta, Georgia on and after December 17, 2007. Purdue has informed plaintiffs that the depository currently contains many, but not all, of such prior productions. Purdue is in the process of adding more of these documents to the depository, and will make documents available to plaintiffs for review on a rolling basis. All such prior productions will be available for review at the Purdue document depository by February 18, 2008.

Plaintiffs and the Purdue defendants shall also confer to discuss the manner of continued review and production of these documents, including alternative forms of production to the extent available and appropriate.

Plaintiffs and the Abbott Defendants shall confer to discuss the production of documents produced previously in other OxyContin litigation.

### b.  Depositions

The parties may begin noticing depositions to occur on or after **October 6, 2008**.[1]

---

[1] The parties agree that this provision does not alter their respective abilities to propose (or to move for or to oppose) a further stay of deposition discovery nor the parties' respective abilities to challenge the relevancy or propriety of particular depositions that are noticed pursuant to this provision.

      c.  **Discovery Cutoff**

The parties shall complete all discovery by **September 28, 2009.**

**7.**    **Class Certification**

Plaintiffs shall file their motion(s) for class certification and the Rule 26 disclosures and reports of their experts relating to class certification issues on **December 1, 2008.**

Defendants shall complete discovery of plaintiffs' class certification experts and shall file their oppositions to class certification, together with the Rule 26 disclosures and reports of their experts relating to class certification issues, by **February 26, 2009**.

Plaintiffs shall file their reply brief(s) by **April 30, 2009.**

**8**.    **Expert Discovery Timetable**

Plaintiffs shall designate their additional expert witnesses and provide their Rule 26(a)(2) expert witness reports by **June 1, 2009**.

Defendants shall designate their additional expert witnesses and provide their Rule 26(a)(2) expert witness reports by **July 30, 2009**.

Plaintiffs shall designate any additional rebuttal expert witnesses and provide their Rule 26(a)(2) expert witness reports by **August 20, 2009**.

The parties shall complete the depositions of all expert witnesses by **September 28, 2009**.

**9.**    **Dispositive Motions Timetable**

All dispositive motions shall be filed by **October 27, 2009.**

All oppositions to such dispositive motions shall be filed by **November 24, 2009.**

All replies to such dispositive motions shall be filed by **December 8, 2009**.

**10.    Trial Schedule**

The joint pretrial order(s) shall be filed by **November 24, 2009** if no dispositive motions are filed. If such motions are filed, the joint pretrial order(s) shall be filed four (4) weeks after rulings are made on the dispositive motions.

Trial(s) of these lawsuits shall be set on or after **December 8, 2009** if no dispositive motions are filed. If such dispositive motions are filed, trial(s) of these lawsuits shall be six (6) weeks after rulings are made on the dispositive motions.

**11.    Other Issues**

Given that this litigation is in its very early stages, the parties reserve their right to supplement or amend their positions or raise other issues during the litigation as appropriate.

**SO ORDERED:**

_____
John G. Koeltl, U.S.D.J.

Dated: August \_\_\_\_, 2008