CHRISTOPHER A. SEEGER NJ NY
STEPHEN A. WEISS NY
DAVID R. BUCHANAN NJ NY
DIOGENES P. KEKATOS NY
MOSHE HORN NJ NY
JONATHAN SHUB CA PA
JEFFREY S. GRAND NY
LAURENCE V. NASSIF NJ NY

MICHAEL L. ROSENBERG ∆ NJ NY
MARC S. ALBERT ∆ NY
DONALD R. BRADFORD ∆ OK
JAMES A. O'BRIEN III ∆ MA NY

∆ COUNSEL
Attorneys admitted in
states as denoted.

**SEEGER WEISS LLP**
ATTORNEYS AT LAW
1515 MARKET STREET
SUITE 1380
PHILADELPHIA, PA 19102
(215) 564-2300
FAX (215) 851-8029
www.seegerweiss.com

RICK BARRECA NJ NY
TERRIANNE BENEDETTO NJ PA
KEVIN G. BOISVERT NJ NJ
PATRICIA D. CODEY NJ
SINDHU S. DANIEL MI NJ PA
DENNIS M. GRIER NJ NY
SCOTT A. GEORGE NJ TA
ANDREA M. PI-SUNYER NY
DENISE K. STEWART NJ
CHRISTOPHER M. VAN DE KIEFT NY
DANIEL R. WASP NJ NY
RICHARD C. WILLIAMS, JR. NJ

August 20, 2008



RECEIVED
AUG 20 2008
MICHAEL H. DOLINGER
UNITED STATES MAGISTRATE JUDGE
S.D.N.Y.

**VIA FACSIMILE: (212) 805-7928**

The Honorable Michael H. Dolinger
United States Magistrate Judge
United States District Court for the
    Southern District of New York
United States Courthouse
500 Pearl Street, Room 1670
New York, NY 10007

Re:  *NEW MEXICO UNITED FOOD AND COMMERCIAL WORKERS UNION'S AND EMPLOYERS' HEALTH AND WELFARE TRUST FUND v. PURDUE PHARMA L.P., ET AL.*, Docket No. 07-cv-6916

*AMERICAN FEDERATION OF STATE, COUNTY AND MUNICIPAL EMPLOYEES, DISTRICT 47 HEALTH AND WELFARE FUND, ET AL. v. PURDUE PHARMA L.P., ET AL.*, Docket No. 07-cv-8761

Dear Judge Dolinger:

As per Your Honor's direction at the August 12, 2008 hearing, Plaintiffs herein respond to the Affidavit of Thomas Morrissey, dated August 15, 2008, submitted by the Purdue Defendants regarding the alleged burden to the Purdue Defendants of producing documents in response to Plaintiffs' document requests pertaining to communications between the Purdue Defendants and Abbott respecting the marketing and sales of OxyContin.

Mr. Morrissey's Affidavit addresses the costs and time that would be involved in collecting, reviewing, and producing documents of 1,400 of Purdue's corporate sales force personnel. Mr. Morrissey also refers to 30 custodians in Purdue's corporate headquarters from whom Purdue would collect responsive documents, but, he did not discuss the costs or time that would be involved therewith.

MHD/usmj
9/4/08

ENDORSED ORDER

At present we direct that Purdue produce responsive documents concerning contacts with Abbott from the 30 custodians at corporate headquarters. We are not prepared now to order production of a universe of documents not discussed between counsel and with no showing as to either the process need for these documents or the degree of burden. Plaintiffs may, if they wish, undertake discovery concerning such burden

The Honorable Michael H. Dolinger
August 20, 2008
Page 2

Plaintiffs propose that Purdue produce documents from those 30 custodians in Purdue's corporate headquarters. Plaintiffs assume (though Purdue has not listed the individuals by name or job title) that these individuals would include all of the Sacklers, as well as the high level executives and officers involved in Purdue's marketing and sales of OxyContin or in contracting with Abbott regarding OxyContin promotion.

Plaintiffs further propose, respecting the other 1,400 individuals, that Purdue exclude all field sales representatives from its search for responsive documents. (This pertains only to documents respecting communications between Purdue and Abbott specifically. Plaintiffs are negotiating with Purdue separately respecting obtaining the electronic databases for the sales representatives' sales calls.) That is, Plaintiffs would expect Purdue to search the files of everyone from the district manager level and higher (including, but not limited to, district and regional managers, medical liaisons, managed care managers and directors, hospital specialty managers and directors).

Plaintiffs expect that such a limitation would substantially decrease Purdue's burden while providing Plaintiffs with the bulk of the responsive documents respecting the communications between the companies alleged to be involved in the conspiracy to fraudulently market OxyContin to the detriment of Plaintiffs and the class they seek to represent.

Respectfully submitted,

*[signature]*

Christopher A. Seeger
Jonathan Shub
**SEEGER WEISS LLP**
One William Street
New York, NY 10004
*Counsel for Plaintiffs*

JS/bft
cc: All counsel of record (via email)